```
                    UNITED STATES DISTRICT COURT

                          DISTRICT OF ARIZONA
```

| | |
|---|---|
| THOMAS E. PEREZ,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>               Plaintiff,<br>     v.<br><br>CORLEONE'S PHILLY STEAK, LLC,<br>an Arizona corporation; CORLEONE'S<br>PHILLY STEAK PART TWO, LLC, an<br>Arizona corporation; JERRY SALKO,<br>an individual; GIOVANNI CARANCI,<br>an individual; ANDREW BAKER, an<br>individual.<br>               Defendants. | Case No. CV-15-1743-PHX-JWS<br><br>**CONSENT JUDGMENT** |

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), and Defendants CORLEONE'S PHILLY STEAK, LLC, an Arizona corporation ("Corleone's"); CORLEONE'S PHILLY STEAK PART TWO, LLC, an Arizona corporation ("Corleone's Two") (Corleone's and Corleone's Two hereafter collectively referred to as "Corporate Defendants"); JERRY SALKO, an individual; GIOVANNI CARANCI, an individual; and ANDREW BAKER, an individual (individual defendants and Corporate Defendants hereafter collectively referred to as "Defendants") (the Secretary and Defendants hereafter collectively referred to as the "Parties") have agreed to resolve the matters in controversy in this civil action and consent to the

entry of this consent judgment ("Consent Judgment" or "Judgment") in accordance herewith:

  A. The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 7, 11(c), 15(a)(2) and (5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and (5).

  B. Defendants acknowledge receipt of a copy of the Secretary's Complaint.

  C. Defendants acknowledge their right to retain counsel in this matter.

  D. Defendants waive issuance and service of process and waive answers and any defenses to the Secretary's Complaint.

  E. The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

  F. Defendants admit that the Court has jurisdiction over the Parties and subject matter of this civil action and that venue lies in the district court for the District of Arizona.

  G. The Parties agree to the entry of this Consent Judgment without contest.

  H. Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction (including but not limited to supervisors and/or managers at Defendants' businesses) have notice of, and understand, the provisions of this Consent Judgment.

  I. Defendants admit to violating Sections 7 and 15(a)(2) of the FLSA during the investigative period of March 19, 2012 through and including March 16, 2015 ("Subject Period") by employing employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the

1  meaning of the FLSA, for workweeks longer than forty (40) hours, and by failing
2  to pay such employees compensation for their employment in excess of forty (40)
3  hours at a rate not less than one and one-half times the regular rate at which they
4  were employed.

5        L.     Defendants admit to violating Sections 11(c) and 15(a)(5) of the
6  FLSA during the Subject Period by failing to make, keep and preserve records of
7  their employees and of the wages, hours, and other conditions and practices of
8  employment maintained by them as prescribed by the regulations found in 29
9  C.F.R. Part 516 that are issued, and from time to time amended, pursuant to
10 Section 11(c) of the FLSA.

11       M.    Defendants understand and expressly acknowledge that demanding or
12 accepting any of the monies due to any current or former employees under this
13 Consent Judgment, threatening any current or former employee for accepting
14 monies due under this Consent Judgment, or threatening any current or former
15 employee for exercising any of his or her rights under the FLSA is specifically
16 prohibited and may subject Defendants to equitable and legal damages, including
17 punitive damages and civil contempt.

18       Therefore, upon motion of the attorneys for the Secretary, and for cause
19 shown,

20       **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that
21 pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29
22 U.S.C. §§ 201 et seq., (hereafter the "Act" or the "FLSA"), that Defendants
23 CORLEONE'S PHILLY STEAK, LLC; CORLEONE'S PHILLY STEAK PART
24 TWO, LLC; JERRY SALKO; GIOVANNI CARANCI; and ANDREW BAKER,
25 their officers, agents, servants, employees, and all persons in active concert or
    participation with them be, and they hereby are, permanently enjoined and

restrained from violating the provisions of the FLSA, in any of the following manners:

    1.    Defendants CORLEONE'S PHILLY STEAK, LLC; CORLEONE'S PHILLY STEAK PART TWO, LLC; JERRY SALKO; GIOVANNI CARANCI; and ANDREW BAKER shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act).

    2.    Defendants CORLEONE'S PHILLY STEAK, LLC; CORLEONE'S PHILLY STEAK PART TWO, LLC; JERRY SALKO; GIOVANNI CARANCI; and ANDREW BAKER shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed.

    3.    Defendants CORLEONE'S PHILLY STEAK, LLC; CORLEONE'S PHILLY STEAK PART TWO, LLC; JERRY SALKO; GIOVANNI CARANCI; and ANDREW BAKER shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the Act and found in 29 C.F.R. Part 516.

4. Defendants CORLEONE'S PHILLY STEAK, LLC; CORLEONE'S PHILLY STEAK PART TWO, LLC; JERRY SALKO; GIOVANNI CARANCI; and ANDREW BAKER shall not withhold payment of **$27,720.92** which represents the gross unpaid overtime compensation hereby found to be due, plus interest at the rate of 1%, for the period from March 19, 2012 through and including March 16, 2015, to the present and former employees of Defendants named in <u>Exhibit A</u>, attached hereto and made a part hereof, in the amounts set forth therein.

5. Defendants CORLEONE'S PHILLY STEAK, LLC; CORLEONE'S PHILLY STEAK PART TWO, LLC; JERRY SALKO; GIOVANNI CARANCI; and ANDREW BAKER shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from Defendants under the provisions of this Judgment or the FLSA.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the FLSA, in favor of the Secretary and against Defendants in the total amount of **$55,881.72** which is comprised of: unpaid gross overtime compensation owed by Defendants in the amount of **$27,720.92** post-judgment interest at the rate

of 1% per annum in the amount of **$439.95**, and liquidated damages in the amount of **$27,720.92** as permitted pursuant to authority expressly provided in Section 16(b) of the FLSA.

    6.    The monetary provisions of this Consent Judgment will be deemed satisfied by Defendants upon delivering to the Secretary's representative(s) the following:

    a.    Defendants shall pay to the Secretary the sum of **$27,720.92** which represents the gross unpaid overtime compensation hereby found to be due, for the Subject Period, to the present and former employees named in Exhibit A, plus post-judgment interest in the amount of **$439.95**, plus liquidated damages in the amount of **$27,720.92**, as permitted pursuant to authority expressly provided in Section 16(b) of the FLSA as outlined in Exhibit B, attached hereto and made a part hereof.

    b.    On or before <u>September 11, 2015</u>, Defendants shall initiate repayment of the back wages and post-judgment interest described above by making an installment payment in the amount of **$3,104.54** in accordance with the terms set forth in the attached Exhibit B.  Defendants shall pay the remainder of the net back wage balance due, plus liquidated damages and 1% annual interest, in monthly installments, in accordance with the terms set forth in the attached Exhibit B. Defendants may pay the remaining balance due in full at any time with no additional penalty or interest.

    c.    Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, Phoenix District Office ("Wage and Hour Division"), Attn: Sarah A. Martinez, 230 N. First Ave., Suite 402, Phoenix, Arizona 85003, on or before <u>September 11, 2015</u>, and again in monthly installments (as set forth in the attached Exhibit B) thereafter until the back wage recovery, liquidated damages, and post-judgment interest provisions of this Consent Judgment have

been satisfied in full for each person who is listed in the attached Exhibit A, the following:

    (1) A cashier's check or money order with the firm name of "CORLEONE'S" and "Net Back Wages, LDs, and Interest" written on it, payable to the order of the "Wage & Hour Div., Labor," in the total net back wage amount, liquidated damages, and interest due at the time of the payment as set forth in attached Exhibit B. The checks described in this subparagraph shall contain no expiration date.

    (2) On or before <u>September 11, 2015</u>, a schedule in duplicate bearing the firm name(s), employer identification number(s), address(es), and phone number(s) of Defendants and showing the name, last known (home) address, social security number, gross back wage amount (as listed in the attached Exhibit A), the amounts of legal deductions for social security and withholding taxes thereon (that Defendants shall pay directly to the federal and state agencies entitled thereto, when due (and, in any event, not later than one year after submitting to the Secretary the last of the net back wage amounts due hereunder)), and the resulting net back wage amount and post-judgment interest for each person listed in the attached Exhibit A.

    d.    In the event of a default in the timely making of the payments specified herein, the full amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of 10% per year from the date of this Consent Judgment until the amount of this Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the Wage and Hour Division. For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered within five (5) calendar days of the due date.

7. The amounts so paid shall be used by the Secretary to satisfy the obligations imposed under the provisions of Section 16(c) of the FLSA, 29 U.S.C. § 216(c), and shall be distributed to the employees named and in the amount set forth in this Consent Judgment (or to their heirs or estates). Any monies not distributed by the Wage and Hour Division because of a failure to locate an employee or because of an employee's refusal to accept said distribution shall be deposited with the Treasurer of the United States, pursuant to 28 U.S.C. § 2041.

8. Further, the filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on the attached Exhibit A for any period not specified herein for the back wage recovery provisions.

9. Within thirty (30) calendar days of the date of entry of this Consent Judgment, Defendants shall require all non-exempt employees to clock in and out for all hours worked on a point of sale system located at each of Defendants' three individual restaurant locations (located at: 1640 E. Camelback Rd., Ste. 140, Phoenix, AZ 85016; 15040 N. Northsite Blvd., Scottsdale, AZ 85250; 10637 N. Tatum Blvd., Phoenix, AZ 85032).

11. Each party shall bear all fees and other expenses (including court costs and attorney's fees) incurred by such party in connection with any stage of this proceeding.

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

DATED this 8th day of September 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

**EXHIBIT A** TO CONSENT JUDGMENT

| Employee | Gross Backwages | Liquidated Damages | Total Due |
|---|---|---|---|
| Becerra, Miguel | $1,380.80 | $1,380.80 | $2,761.60 |
| Beruman, Eric | $2,532.70 | $2,532.70 | $5,065.40 |
| Contreras, Sergio | $808.71 | $808.71 | $1,617.42 |
| Hatch, Joslyn | $504.50 | $504.50 | $1,009.00 |
| Hernandez Sanchez, Saul | $1,012.50 | $1,012.50 | $2,025.00 |
| Katz, Elliot | $1,347.38 | $1,347.38 | $2,694.76 |
| La Rocca, Joey | $701.50 | $701.50 | $1,403.00 |
| Mancuso, Corey | $1,244.42 | $1,244.42 | $2,488.84 |
| Molina, Jorge | $603.19 | $603.19 | $1,206.38 |
| Montejano, Ignacio | $11,327.38 | $11,327.38 | $22,654.76 |
| Ortiz, Jorge | $1,014.26 | $1,014.26 | $2,028.52 |
| Renteria, Jesus | $3,382.03 | $3,382.03 | $6,764.06 |
| Rios Teja, Jose | $868.69 | $868.69 | $1,737.38 |
| Sanchez, Alexander | $376.34 | $376.34 | $752.68 |
| Shostak, Nicholas | $423.55 | $423.55 | $847.10 |
| Upton, David | $137.97 | $137.97 | $275.94 |
| Villeraldo, Jose | $55.00 | $55.00 | $110.00 |
| **Subtotal** | **$27,720.92** | **$27,720.92** | **$55,441.84** |
| **Plus Interest (at 1% per annum)** | | | **$439.95** |
| **Total** | | | **$55,881.72** |

# **EXHIBIT B** TO CONSENT JUDGMENT

| Payment | Date Due | Gross Due | Interest (1%) Due | Total Due |
|---|---|---|---|---|
| 1 | 09/11/15 | $3,058.34 | $46.20 | $3,104.54 |
| 2 | 09/11/15 | $3,060.89 | $43.65 | $3,104.54 |
| 3 | 10/01/15 | $3,063.44 | $41.10 | $3,104.54 |
| 4 | 11/01/15 | $3,065.99 | $38.55 | $3,104.54 |
| 5 | 12/01/15 | $3,068.55 | $35.99 | $3,104.54 |
| 6 | 01/01/16 | $3,071.10 | $33.44 | $3,104.54 |
| 7 | 02/01/16 | $3,073.66 | $30.88 | $3,104.54 |
| 8 | 03/01/16 | $3,076.22 | $28.32 | $3,104.54 |
| 9 | 04/01/16 | $3,078.79 | $25.75 | s$3,104.54 |
| 10 | 05/01/16 | $3,081.35 | $23.19 | $3,104.54 |
| 11 | 06/01/16 | $3,083.92 | $20.62 | $3,104.54 |
| 12 | 07/01/16 | $3,086.49 | $18.05 | $3,104.54 |
| 13 | 08/01/16 | $3,089.06 | $15.48 | $3,104.54 |
| 14 | 09/01/16 | $3,091.64 | $12.90 | $3,104.54 |
| 15 | 10/01/16 | $3,094.21 | $10.33 | $3,104.54 |
| 16 | 11/01/16 | $3,096.79 | $7.75 | $3,104.54 |
| 17 | 12/01/16 | $3,099.37 | $5.17 | $3,104.54 |
| 18 | 01/01/16 | $3,102.03 | $2.58 | $3,104.54 |

**Total Gross Due:** **$55,881.72**